PLOTKIN, Judge.
This is a child custody proceeding.
Penny Webber Allen and Gary W. Allen were divorced by judgment of the Thirty-Fourth Judicial District Court dated May 3, 1984. Joint custody of Garrett Thomas Allen, the child born of the marriage on January 12, 1981, was awarded with Mrs. Allen serving as the domiciliary custodian. Mr. Allen was granted visitation on Tuesdays and Thursdays after school until the following morning and one day each week end beginning at 10 A.M. and lasting until the following morning. In September of 1985 when the child started school, the parents voluntarily modified their arrangement so that Garrett would live with one parent for five days and then the other for five days.
On November 20,1987, Mrs. Allen filed a rule for a change in custody alleging a change in circumstances. We note that Mrs. Allen asked only for a hearing on a rule. The parties were given notice for this limited issue of modification of custody. However, the court on its own motion expanded the rule to a full custody hearing. This expansion was improper because the parties were not given opportunity to prepare.
On December 11,1987, after hearing testimony and reviewing evidence, the trial court rendered the following judgment: joint custody was maintained and Penny Webber Allen remained the custodial parent; Gary Allen was given visitation every other weekend from Friday at 6 P.M. to Sunday at 6 P.M. and three weeks in the summer; holidays were divided evenly between the parents.
Gary Allen appeals arguing that the trial court erred in (1) not requiring the plaintiff to meet the Bergeron burden of proof to obtain the change of custody, (2) not requiring the plaintiff to prove the change of circumstances was not in the best interests of the child, (3) not permitting the father to testify, (4) not imposing sanctions for violations of the Protection from Family Violence Act and (5) not granting appellant’s motion for a new trial.
In his first assignment of error, Mr. Allen argues that the plaintiff did not meet the burden of proof required to effect a change in child custody. The Supreme Court in Bergeron v. Bergeron, 492 So.2d 1193, at 1200 (La.1986), stated:
When a trial court has made a considered decree of permanent custody the party seeking a change bears a heavy burden of proving that the continuation of the present custody is so deleterious to the child as to justify a modification of the custody decree, or of proving by clear and convincing evidence that harm likely to be caused by a change of environment is substantially outweighted by its advantages to the child.
Mr. Allen maintains that because the divorce and child custody judgment were rendered in a consent judgment signed by both parties with both represented by counsel and because the parties had an opportunity to litigate and chose not to, the judgment is a “considered decree” and the plaintiff should have been required to meet the Ber-geron burden of proof.
*1070 We agree that a consent judgment is a considered decree. A consent judgment is a bilateral contract wherein the parties adjust their differences by mutual consent, thereby putting an end to a lawsuit with each party balancing the hope of gain against the fear of loss. LSA-C.C. Article 3071. A consent judgment is a determination of the right of the parties and it acquires the authority of the thing adjudged. LSA-C.C. Article 3078. The judgment in the case at bar was agreed upon by mutual consent of the parties, was approved by the court and thus became valid and enforceable. Consent judgments are favored by the law and any attempt to lessen the impact of a consent judgment by determining it to be not a “considered” decree would work against the public policy of encouraging and upholding such judgments.
Because the custody judgment was a considered decree, Mrs. Allen is required to meet the Bergeron burden of proof, that is she must demonstrate that continuing “the present custody is so deleterious to the child as to justify a modification of the custody.” Mr. Allen argues that Mrs. Allen failed to meet that standard. Her allegations were that Mr. Allen had lost four properties and consequently had moved frequently, that he now lives in a motel, that the site is undergoing construction, that Mr. Allen has kept the child home from school and left him unattended. At the hearing the trial court found that Mr. Allen’s residential history was not relevant, that the property lost was community (thus Mrs. Allen was also responsible), and that Mr. Allen’s job as administrator of the Lutheran Tower, a facility for the elderly, provides him with a residence on the second floor of that building which had been a Ramada Inn. Testimony revealed that Mr. Allen has a living room and two bedrooms, a refrigerator and a microwave oven; he eats in the community dining room on the first floor; the building is being renovated but the second floor has not yet been affected by the renovations. Mr. Allen kept his son home from school one day because the child had vomited the night before and on two occasions the child was left alone in Mr. Allen’s rooms while Allen went on errands. Allen maintains that several people in the building were aware that the child was there alone and that the child had a telephone which he obviously knew how to use because he called his mother.
The only testimony offered at the hearing was that of Mr. Allen, Mrs. Allen and two friends of Mr. Allen; there was no evidence offered on the best interest of the child. The record clearly reveals both parents love their child and try to provide the best for him, but it does not offer any factual basis for deciding what kind of arrangement would be in the child’s best interest. Mrs. Allen showed no justification for her allegations that a modification of custody was necessary. We find that Mrs. Allen did not meet her burden of proof in showing a change of circumstances likely to cause harm to the child and therefore, we reverse the holding of the trial court.
In oral argument before this court, the parties admitted that material changes in circumstances have occurred since they appeared in court in December. These changes may entitle them to another hearing, but the new circumstances are not under consideration here. The parties must seek a revaluation of their circumstances with proper notice of the hearing.
Because the case is reversed, we need not address the appellant's third assignment of error that he was denied the right to present evidence or his fifth assignment that he was denied the right to a new trial.
Defendant’s fourth assignment of error concerns the trial court’s failure to apply sanctions pursuant to the Protection from Family Violence Act, LSA-R.S. 46:2121, et seq. and also LSA-C.C.P. art. 3608. Article 3608 treats the award of damages and attorney's fees for the wrongful issue of a restraining order as discretionary; it provides
The court may allow damages for the wrongful issuance of a temporary restraining order_ Attorney’s fees ... may be included as an element of damages ....
*1071 The word “may” indicates that the trial court determines whether or not to impose sanctions. There is no indication that the trial court abused its discretion in the instant case.
Accordingly, for reasons cited above, the decision of the trial court is reversed.
REVERSED.