BECKER, Judge.
This appeal by the husband/appellant is from a judgment of the trial court maintaining an exception of no cause of action as to a rule for joint custody and denying a reduction in child support.
FACTS
Richard K. Schultz and Susan McGovern Schultz were married on December 22, 1976, physically separated in February 1983, and were divorced on March 5, 1986. Of the marriage one child was born on February 16, 1979.
Prior to the divorce on February 24, 1986, the parties entered into a consent judgment awarding the mother sole custody of the child as well as $1,200.00 per month in child support and $100.00 a month in alimony. The judgment provided for an automatic increase in child support of $250.00 which subsequently occurred upon the disposition of a particular piece of community property. In addition to paying alimony and child support Mr. Schultz continued to pay all the community debts including a loan on a community business investment which at the time of the consent judgment was anticipated to provide a return and become an asset, but had since failed and was now a liability.
Mr. Schultz’s daughter spends approximately three days per week as well as one day during the weekend with her father at his residence. While she is with her father he pays all of her expenses with the exception of clothing and education expenses which are paid through the support payments.
*1011 The appellant contends that the trial judge erred in failing to grant joint custody by not adhering to the dictates of Civil Code Art. 146, and in applying the stringent “change of circumstance rule” as enumerated in Bergeron v. Bergeron, 492 So.2d 1193 (La.1986).
The appellant states that from the time of the separation in February 1983 to the time of the latest rule in June of 1988, a period of more than six years, there have been no contradictory hearings, no contempt rules and no arrearage rules. Neither parent have made the slightest allegation that either is unfit and neither has given any indication pf mental or physical problems. Each parent has demonstrated love, affection and emotional ties to the child and each continues to give guidance and provide for the education and rearing of the child.
In short, Mr. Schultz argues that he and his wife appear to have achieved the ideal situation as contemplated by the legislature in adopting Civil Code Article 146 relative to joint custody where the best interest of the child is of paramount importance. Mr. Schultz has stated that he does not seek to change the status quo nor does he allege that the present custody situation is deleterious to the child, as both parents equally take an active interest in the upbringing of the child. Mr. Schultz further points out that for all practical purposes there now exists a de facto joint custody arrangement which he merely seeks to have judicially recognized.
After a careful .examination of the record and evidence we find that the trial court did not err in denying the request for an award of joint custody and in applying the change of circumstance rule of Bergeron.
The paramount consideration in determining to whom custody should be granted is what is “in the best interest of the child.” LSA-C.C. Art. 146.
As the Louisiana Supreme Court stated in Bergeron v. Bergeron, supra:
Although the trial court retains a continuing power to modify a child custody order, there must be a showing of a change in circumstances materially affecting the welfare of the child before the court may consider making a significant change in the custody order ...
The reasons for the rule are that it is desirable that there be an end of litigation and undesirable to change the child’s established mode of living except for imperative reasons.
The court further stated:
When a trial court has made a considered decree of permanent custody the party seeking a change bears a heavy burden of proving that the continuation of the present custody is so deleterious to the child as to justify a modification of the custody decree, or of proving by clear and convincing evidence that the harm likely to be caused by a change of environment is substantially outweighed by its advantages to the child.
In the instant case, Mr. Schultz by consent agreed at the February 1983 hearing to grant Mrs. Schultz sole custody of the minor child subject to his reasonable visitation. This arrangement has continued unimpeded until the time of the second hearing on June 1, 1988.
The appellant contends that the Berger-on change of circumstance standard is totally inapplicable as the sole custody award to the mother did not result from a court’s considered decree but rather from a consent judgment by the parties. Therefore, the appellant in this instance should not have to bear a heavy burden of proof in showing that joint custody is in the best interest of the child. The appellant further states that all things being equal, joint custody does not depend upon a change of circumstance where the joint custody decree will not cause the child to be moved from one residence to another nor result in any deleterious consequences to the child.
We disagree. This court in Allen v. Allen, 533 So.2d 1068 (La.App. 4th Cir.1989), rev. on other grounds, 536 So.2d 1227 (La.1989), held that a consent judgment is a considered decree and that any attempt to lessen the impact of a consent judgment by determining it to not be a considered decree would work against the *1012 public policy of encouraging and upholding such judgments. The court further stated that since a consent judgment was a considered decree that in order to justify a change in custody, the mover must meet the Bergeron burden of proof that the continuation of the present custody is so deleterious to the child as to justify a modification of the custody decree.
The Supreme Court also held in Berger-on, supra:
In the change of custody context, there is more at stake than simply selecting the best of the initial custodianships proposed. The harm which may result from disrupting the child’s established mode of living and the injury that may result from the encouragement of unjustified litigation and continued parental conflict are other factors which are relevant in custody change cases.
We find that merely because the appellant has enjoyed the benefits of a liberal visitation that this fact alone does not meet the heavy burden of proof necessary to show a change in circumstance in order to modify the sole custody award. The appellant himself points out how well the current arrangement has been and currently is working and we see no reason to introduce change into a situation which already appears to be in the best interest of the child.
Additionally, the appellant contends that the trial judge erred in failing to find a change of circumstance and in failing to reduce the amount of child support.
Our examination of the record and evidence reveals that there has been a sufficient change of circumstance to justify a reduction in child support.
Mr. Schultz's uncontroverted testimony shows that in spite of the award of sole custody to the mother, he has custody of his daughter for three days during the week as well as one night during the weekend. While the daughter is with her father he provides for all her living expenses as well as room and board.
Mr. Schultz further testified that he is currently paying off a substantial community debt resulting from a failed business investment that at the time of the first hearing appeared to be a revenue producing asset.
Mrs. Schultz testimony reflects that her monthly income has increased by approximately $450.00 and that her employer is now providing her with an automobile, gasoline and insurance.
We feel that these facts show a change in circumstance sufficient to justify a reduction of the appellants child support from an amount of $1,450.00 per month to an amount of $1050.00 dollars per month.
Accordingly, for reasons cited above the decision of the trial court with respect to the joint custody decree is affirmed and decision with respect to the child support is hereby reversed.
AFFIRMED IN PART; MODIFIED IN PART.